ELLIS, Judge.
Plaintiff has appealed from a judgment of the District Court sustaining an exception to the court’s jurisdiction ratione personae and dismissing his suit at his cost.
The material allegations of plaintiff’s petition and prayer thereof are as follows:
“1. That the National Reserve Life Insurance Company is a duly incorporated Life Insurance Company domiciled and doing business in .the State of South Dakota, however, is authorized to do and is doing business in the Parish of Livingston, State of Louisiana, and may be served with legal process through the office of the Secretary of State.
“2. Your petitioner shows that the defendant company is justly and truly indebted unto him in the full sum of $223.35 with twelve (12%) per cent penalties and reasonable attorneys fees in the sum of $150 and five (5%) per cent both principal and interest and all cost for this, to-wit:
“3. Your petitioner shows that on or about April 23, 1954 that he deposited in the National Reserve Life Insurance Company, the sum of $223.35 in a trust account to bear 2½ per cent per annum per year, that it was represented to him and upon this representation he relied in making the deposit that he could withdraw the money at any time, viz., $223.35 plus the 2% per cent per annum interest your petitioner referring to and declaring upon one certain check drawn on his account through the Bank of Greensburg under-date of April 23, 1954 payable to National Reserve Life Insurance Company-with notation for trust deposit.
“4. Your petitioner shows that as additional consideration and security that he was to receive a $5000.00 life insurance policy in consideration of the establishment of a true account.
“5. Your petitioner shows that subsequent thereto that instead of a trust account that a type of life insurance policy was issued to him by certificate #213995 for $5,000.00 reciting an annual premium of $223.35.
“6. Your petitioner shows that he made the trust deposit under assurance and representation of one R. P. Landry, agent or officer of defendant company, that the amount could be withdrawn at any time plus 2½ per cent per annum interest that he has attempted to withdraw his account, however, the defendant has refused to pay anything and has advised him that he had an insurance policy and not a trust deposit and that petitioner shows that defendant and/or its agents have obtained through fraud and misrepresentations this money under a trust contract that it has upon the filing of this action been discovered by petitioner.
* * * * * *
“Wherefore, the premises considered, your petitioner, Orjn Herring prays that his petition be filed, that defendant be cited to appear and/or answer and in due course and after citation and hearing had hereupon that there be judgment herein in favor of petitioner, Orin Herring and against the National Reserve Life Insurance Company in the full sum of $223.35 with 2½%- per *266 annum interest from April 23, 1954 and 12% penalties of both principal and interest and reasonable attorneys fees of $150 together with 5% per annum interest on the entire amount, and all cost of this cause.”
It is the defendant-appellee’s contention under its exception to the jurisdiction ra-tione personae that it is a foreign corporation with no office, principal place of business or agent for process in Livingston Parish and that its domicile for the purpose of doing business in this state is in East Baton Rouge Parish. It further contends that plaintiff’s suit is one under Article 2301 and 2311 of the LSA-Civil Code which read as follows, respectively:
“2301. Obligation to make restitution — He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
“2311. Payee not acting in good faith — Liability for interest — If there be any want of good faith on the part of him who has received, he is bound to restore not only the capital, but also the interest on the proceeds from the day of the payment.”
Defendant-appellee then contends that since plaintiff’s suit is one under the foregoing articles of the Civil Code and not one upon a policy of insurance, that there is no basis for removing the case from a general venue rule laid down by Article 162 of the Code of Practice which is as follows:
“162. General rule — Defendant sued at domicil or residence. — It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence, and shall not be permitted to elect any other domicil or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.”
It is the plaintiff-appellant’s contention that his suit is one upon a life insurance policy for what he termed in his brief “the return of a trust deposit of cash surrender value of a life insurance policy * * and that, therefore, the suit was properly filed in the Parish of Livingston under the exception to the general rule of Article 162 of the Code of Practice, as contained in paragraph 10 of Article 165 of the Code of Practice which reads as follows:
“10. Insurance. In all suits on a policy of fire, life, marine, medical protective, or accident insurance [of] or sick benefit insurance [or vehicle collision insurance, and all matters pertaining thereto], the defendant may be sued at the domicil of the insurance company, or in the place where its principal agency is established, or in the parish where the loss occurred, or in case of life insurance, at the domicil of the deceased or his beneficiary, or in the case of accident insurance [or vehicle collision or fire insurance], at the domicil of the insured or in the parish where the accident occurred, or in the parish where the accident policy was written, and in case of sick benefits at the place where the claimant resides at the time of his sickness.”
Counsel for plaintiff-appellant, as a basis for a reversal of the judgment of the lower court states in his brief:
“Code of Practice Article 165, SubSection 10 provides that actions involving a life insurance policy should be at the domicile of the insured or of the beneficiary or domicile of the company or place of its principal agency.”
A reference to the cited paragraph No. 10 of Article 165, supra, will reveal that counsel is in error in his contention and statement above quoted from his brief. It is provided therein that in all suits on a life insurance policy and all matters per *267 taining thereto that the defendant may he sued at the domicile of the insurance company, or in the place where its principal agency is established, or in the parish where the loss occurred, “or in case of life insurance, at the domicil of the deceased or his beneficiary. * * * ” Plaintiff’s suit does not fall within any one of the kind enumerated in Paragraph 10 of Article 165, supra. The allegations and prayer of his petition are for the recovery of money allegedly paid in error because of allegedly fraudulent statements and representations of the agent of the defendant which would come within the intent and provisions of Article 2301 and 2311 of our LSA-C.C. as contended by defendant appellee. The suit not coming under the exception to the general rule as outlined in Article 165 of our Code of Practice, it therefore is governed in its jurisdiction by the general rules set forth under Article 162 of our Louisiana Code of Practice, and plaintiff’s suit should and must be filed in East Baton Rouge Parish where the defendant has its domicile.
Counsel for plaintiff cites the case of Mouton v. First National Life Insurance Co., La.App., 177 So. 431, which was an action on a life insurance policy filed in the parish where the insured and beneficiary were domiciled, which, of course, clearly came under paragraph 10 of Article 165 of the Code of Practice. We are not confronted with such a suit.
Counsel also cites the case of Loeb v. Equitable Life Assur., 179 La. 566, 154 So. 453, which was a case in which a domesticated foreign insurance company had been sued on a life policy in the parish wherein it had its principal office and in which the insured resided. Again we are not concerned with such a suit for the defendant company is not being sued at its principal office nor is plaintiff suing as an insured under any life insurance policy.
For the above and foregoing reasons the judgment of the district court is affirmed at the cost of plaintiff-appellant.