328 So.2d 190 (1976)
Mary Alice RITCHEY, Plaintiff-Appellee,
v.
J. Beverly BRIGNAC, Defendant-Appellant.
No. 5366.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1976.
*191 Dragon & Kellner by Robert A. Dragon, Jr., Lafayette, for defendant-appellant.
Mouton, Roy, Carmouche, Hailey, Bivins & McNamara by John K. Hill, Jr., Lafayette, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendant J. Beverly Brignac appeals a judgment awarding $200 per month child support to plaintiff Mary Alice Ritchey for the benefit of their four minor children. We affirm.
Numerous other contests arose between the parties after the June 1967 judgment and before notice of that judgment was mailed to husband as required by LSA-C.C.P. art. 1913. Several contests are pending between the parties at this time, but are not properly before this court and are not addressed.
The parties obtained a final divorce on March 18, 1966, but the judgment did not award child support. In December 1966 and again in February 1967 wife ruled husband into court to fix alimony and child support. The parties presented the issue of child support to the trial court. After taking the matter under advisement, the trial court promptly decided the matter but judgment was not signed until June 29, 1967. Notice of that judgment was not served on defendant husband until September 22, 1975. The appeal was timely perfected in October 1975.
The issues before us relate to:1) the use of summary procedure, 2) the use of the term "alimony" to describe the child support awarded to the mother, and 3) the award of $200 per month as child support for the four minor children.
Defendant husband's objection to the use of summary procedure is raised for the first time on this appeal. The dilatory exception of unauthorized use of summary procedure is waived unless pled in limine. LSA-C.C.P. arts. 926, 928. Defendant has waived his right to object to the summary nature of the proceeding. He was represented by counsel at the hearing where testimony and evidence were received on all issues. His rights were in no way prejudiced.
The second issue is illusory. The judgment states that "alimony" is to be paid to Mary Alice Ritchey. However, the reasons *192 pursuant to which judgment was rendered make clear that the alimony awarded was for child support. The trial court's written reasons condemned husband to pay wife $200 per month for the support and maintenance of the four minor children.
The "alimony" awarded is that alimony due for child support. LSA-C.C. arts. 229, 230, and 231. It is not the alimony which may be granted pursuant to LSA-C.C. art. 160.
Although no issue has been made concerning the factual basis for and the amount of the award, the testimony and evidence in the record support: it. The children's need and the father's ability to pay were established.
There is no error or abuse of discretion in the trial court judgment. It is affirmed at appellant's costs.
AFFIRMED.