GULOTTA, Judge.
In this Writ Application, the Succession of William E. Griffith seeks to annul a judgment ordering the Succession to pay an attorney for legal services rendered to the decedent during decedent’s lifetime. The judgment was signed after trial on a rule to show cause why the Succession should not pay his claim immediately. The Succession contends that a summary proceeding is not the proper procedure for a creditor to pursue a money judgment against a succession and that the required citation and service were not made.
A motion for suspensive appeal was filed by the Succession, but the judgment creditor sought to execute on the judgment by a writ of fieri facias and garnishment seizing the Succession’s checking account. In supplemental writ applications, the Succession seeks to have the seizure and garnishment dissolved on the grounds that the judgment itself is a nullity and that the trial court *56 lacked jurisdiction in the matter while the appeal was pending. A stay of execution of the judgment has been issued, and the Supreme Court has transferred the matter to us for expedited disposition of the issues raised.
Dr. Griffith’s will was probated on November 20,1979. On June 16,1980 Edward C. Alker, an attorney having an unliquidat-ed claim against Dr. Griffith for professional fees, filed a petition to compel the executrix to furnish security in the amount of $30,208.88, one-and-one-quarter times the total amount of his claim. On June 23, Alker filed formal proof of his claim and annexed a statement of account itemizing the legal services he had rendered the decedent; and on July 9 he filed a rule to show cause why the administratrix should not be removed and his claim paid immediately. Karen Griffith, as testamentary executrix of the Succession, filed a $30,000.00 bond on July 24.
At the show cause hearing on September 3,1980 only Alker was present. Alker testified that he had performed services according to a descriptive list, which he offered into evidence. On September 11 the trial court rendered judgment as prayed in the amount of $25,167.10. Following the filing of the suspensive appeal and the attempted execution of the judgment, these writ applications were filed.
Although there is a serious question whether summary procedure may be used to assert a money claim against a succession, the dilatory exception to use of this procedure is waived unless timely pleaded in the trial court. LSA-C.C.P. Arts. 926, 928. See also, Ritchey v. Brignac, 328 So.2d 190 (La.App. 3rd Cir. 1976); In re Lomm, 195 So.2d 416 (La.App. 4th Cir. 1967), writ refused, 250 La. 541, 197 So.2d 81 (1967). In this matter the exception was untimely filed and we cannot now consider the propriety of Alker’s use of summary procedure to assert his claim.
On the other hand, a judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity that can be raised collaterally at any time. LSA-C.C.P. Art. 2002(2); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir. 1979). The real issue before us, therefore, is whether the Succession was properly served with Alker’s rule to show cause.
Although LSA-C.C.P. Art. 2594 states that citation and service are not necessary in a summary proceeding, it does provide that a copy of the rule to show cause or other pleadings filed by the plaintiff and any order of the court assigning the date and hour of the trial, “shall be served upon the defendant.”[1] The article does not specify a particular method of service. LSA-C. C.P. Art. 2596 states, however, that the rules governing ordinary proceedings are applicable to summary proceedings, unless otherwise provided.[2]
LSA-C.C.P. Art. 1313, dealing with service of process, provides for service by mail or by delivery of a pleading that “requires no appearance or answer, the service being complete upon the mailing of a copy thereof.” On the other hand, LSA-C.C.P. Art. 1314 provides for service by the sheriff of any pleading that cannot be mailed under LSA-C.C.P. Art. 1313. Since a rule to show cause anticipates an appearance by the defendant in rule, we hold that Alker’s rule required service by the sheriff.[3] Service of *57 the rule by mailing a copy of it to counsel was not authorized. See Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir. 1965).
Sheriff’s returns in the record indicate that Alker’s petition to compel the executrix to furnish security was served on the then attorney for the Succession. Likewise, Alker’s formal proof of claim was served by the sheriff on both the Succession’s attorney and the executrix.
Alker’s rule to show cause, filed on July 9, and the order setting the matter for hearing on September 3, were not served on either the Succession’s attorney or the executrix. Although service was requested at two alternative addresses, the sheriff’s returns dated July 25 and July 30, 1980 state, “returned to sheriff’s office not served.” The rule was heard on September 3 resulting in the rendition of the September 11 judgment in favor of Alker. Irrespective of the claim that the Succession attorney was informed by a certified return receipt letter[4] of the September 3 trial date, service by mail will not suffice in this instance. We point out that the Succession neither filed a responsive pleading to the rule nor made an appearance at the hearing of the rule. Under these circumstances, because of lack of proper service, we conclude the judgment rendered in favor of Alker is a nullity. It obviously follows that any attempt to execute on the null judgment is unlawful.
Accordingly, IT IS ORDERED THAT:
1) The September 11, 1980 judgment of the trial court in favor of Edward C. Alker, ordering the Succession of Dr. William E. Griffith to pay to Edward C. Alker the sum of $25,167.10, together with legal interest and reasonable attorney’s fees of $500.00, and all costs, be reversed and set aside;
2) It is further ordered that the garnishment, seizure or other attempted execution of said judgment be and the same is dissolved;
3)The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
BOUTALL, J., concurs and assigns reasons.

. LSA-C.C.P.Art. 2594 provides as follows: “Art. 2594. Service of process
Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.”

. LSA-C.C.P.Art. 2596 provides as follows:
“Art. 2596. Rules of ordinary proceedings applicable; exceptions
The rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law.”

.LSA-C.C.P.Art. 2971 provides that, except as otherwise provided by law, the rules of pleading and service of process applicable in ordinary proceedings shall apply to Succession proceedings.

. The record contains a letter dated August 21 (though not a certified return receipt) from Alker to the Succession’s attorney in which Alker refers to the September 3 hearing.
The copy of the rule in the record is stamped and apparently signed by a person associated with Alker who certified that a copy of the pleading was served by mail on all counsel of record.