412 So.2d 1383 (1982)
Lucius DOUCET, D.D.S.
v.
DENTAL HEALTH PLANS MANAGEMENT CORPORATION and Guaranty Income Life Insurance Company.
No. 81-C-2268.
Supreme Court of Louisiana.
April 5, 1982.
*1384 Charles Emile Bruneau, Jr., Christenberry & Bruneau, Ltd., New Orleans, Dale R. Baringer, Bryan, Schaneville & Baringer, Baton Rouge, for relator.
Patrick C. Morrow, James P. Ryan, Morrow & Morrow, Opelousas, for respondents.
BLANCHE, Justice.
Plaintiff dentist, Lucius Doucet, brought suit in the parish of his domicile against defendant Dental Health Plans Management Corporation, alleging that it had breached its contract to pay him fees for dental services he provided to the insureds of its related corporation, Guaranty Income Life Insurance Company, under a dental health plan. In the same suit plaintiff joined as defendant Guaranty Income Life Insurance Company, alleging that, as the underwriter of the dental health plan, it was also responsible to him for payment of his claim.
Defendant, Dental Health, filed a dilatory exception of prematurity on the ground that the contract sued upon requires plaintiff's claim to be submitted to arbitration.[1] Both defendants filed declinatory exceptions of venue, contending that the suit should have been filed in the parishes where the defendant's registered offices are located. The trial court overruled all exceptions, and the court of appeal denied writs.
Denial of the exception of prematurity was premised upon the trial court's conclusion that the contract between plaintiff and Dental Health is a contract of insurance. Classification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable under R.S. 22:629.[2] See Macaluso v. Watson, 171 So.2d 755 (La.App. 4th Cir. 1965), appeal after remand, 188 So.2d 178 (La.App. 4th Cir. 1966). We cannot agree that the contract sued upon is a contract of insurance and, accordingly, we reverse.
The contract between the plaintiff dentist and Dental Health Plans Management Corporation, titled "Dental Professional Service Agreement", is primarily an agreement by the plaintiff to provide dental services to the insureds under a dental health insurance policy. A very small part of the remuneration received by the plaintiff in return for these services is in the form of a Key Man insurance agreement, the cost of which is borne by the defendant. That insurance agreement is attached and designated as a supplement to the Dental Professional Service Agreement. However, provision for this insurance agreement and its attachment to the contract sued upon *1385 does not transform that contract into one of insurance.
The plaintiff's suit is not based upon his status as an insured under a contract of insurance. Plaintiff seeks to recover fees due to him for services rendered pursuant to a professional service agreement. That contract provides that any dispute arising out of the agreement or its breach shall be submitted to arbitration. As the professional service agreement cannot be classified as a contract of insurance, its arbitration provisions are fully enforceable. Plaintiff instituted this suit in the district court without first submitting his claim to arbitration. His suit should, therefore, have been dismissed upon the exception of no right of action raised by defendant, Dental Health.
Our holding that the contract sued upon is not a contract of insurance also mandates reversal of the trial court's ruling on the exception of improper venue. The general venue rule requires that an action against a domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located. C.C.P. art. 42(2). Plaintiff filed suit in his own domicile, however, relying upon the exceptions provided by C.C.P. art. 76. That article provides that an action to recover benefits under a life, health and accident, or other type of insurance policy may be brought in the parish where the beneficiary is domiciled. These exceptions are clearly inapplicable to the plaintiff's suit for damages caused by the breach of a professional services agreement.
Because the suit does not come under any exception to the general venue rule, it is governed by Article 42 of the Code of Civil Procedure, and plaintiff's suit should have been filed in the parish or parishes where defendant's registered offices are located. See Herring v. National Reserve Life Insurance Company, 104 So.2d 264 (La.App. 1st Cir. 1958).
For the foregoing reasons, the trial court judgment overruling the exceptions of no right of action and improper venue is reversed.
DENNIS, J., concurs in part and dissents in part with reasons.
WATSON, J., dissents.
DENNIS, Justice, concurring in part and dissenting in part.
I respectfully concur in part and dissent in part.
Except to note that "a very small part" of the contract between the plaintiff dentist and Dental Health is in the form of an insurance agreement, the majority opinion fails to furnish any explanation of why this is not an insurance contract, viz., a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. La.R.S. 22:5. I believe that the contract sued upon is an insurance contract and that its arbitration clause cannot be enforced to deprive the courts of jurisdiction. La.R.S. 22:629, in pertinent part, provides:
A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation or agreement:
* * * * * *
(2) Depriving the courts of this state of the jurisdiction of action against the insurer....
* * * * * *
B. Any such condition, stipulation or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provision of the contract.
The contract between the plaintiff dentist and Dental Health Plans Management Corporation is primarily an agreement by the plaintiff to provide dental services to insureds under Guaranty Income Life Insurance Company's dental insurance policy for remuneration. Additionally, however, as further remuneration, the corporation agreed to provide death benefits covering the life of the plaintiff dentist payable to his beneficiary or designee. La.R.S. 22:5 *1386 defines insurance as a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. See Francis v. Texas & Pacific Railway Employees Hospital Association, 148 So.2d 118 (La.App.3d Cir. 1963). Accordingly, the corporation having agreed to pay specific benefits in the event of the dentist's death, the contract at issue is an insurance contract under the terms of La. R.S. 22:629 and the arbitration clause contained therein is void and unenforceable. See Macaluso v. Watson, 171 So.2d 755 (La. App. 4th Cir. 1965), appeal after remand, 188 So.2d 178 (La.App. 4th Cir. 1966).
I agree, however, that the trial court's decision overruling the exception of venue should be reversed. The general venue rule requires that an action against a domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located. La.C.C.P. art. 42(2). Plaintiff filed suit in his own domicile, however, relying on the exceptions provided by La.C.C.P. art. 76. The action was brought in a court of improper venue because the suit does not fall within any of the exceptions.
La.C.C.P. art. 76 provides:
An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled or in the parish where the accident or illness occurred.
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
The allegations and prayer of plaintiff's petition are for the recovery of money due under a contract whereby the defendants are obliged to pay him fees for dental services he has provided to insureds. He does not allege a cause of action to recover insurance benefits based on the death of a person covered by a life insurance policy or because of an accident or illness covered by health and accident insurance. He does not allege a cause of action for loss covered by any other type of insurance policy. His petition does not contain any allegation from which it may be inferred that it is a suit based upon his status as an insured. Because the suit does not come under any exception to the general venue rule, it is governed by Article 42 of the Code of Civil Procedure, and plaintiff's suit should be filed in the parish or parishes where defendants' registered offices are located. See Herring v. National Reserve Life Insurance Co., 104 So.2d 264 (La.App. 1st Cir. 1958).
This court should affirm the trial court judgment insofar as it overruled the exception of prematurity and reverse the part of its decree which overruled the exception of improper venue. The exception of improper venue should be sustained, and the case should be remanded to the trial court for it to determine, pursuant to La.C.C.P. art. 121, whether to dismiss the action or in the interest of justice to transfer it to a court of proper venue.
Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] The exception was improperly denominated as an exception of no right of action. See Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978).
[2] R.S. 22:629, in pertinent part, provides:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation or agreement:
* * * * * *
B. Depriving the courts of this state of the jurisdiction of action against the insurer...