DOMENGEAUX, Judge.
Wilson Savoy, Jr. (Savoy), as the allegedly duly authorized agent of Elmire Gui-dry Savoy, commenced these proceedings seeking the rescission of an Act of Cash Sale and damages in the amount of $20,-000.00. Savoy maintained that the Act in question, executed by Elmire as the vendor, conveying a certain described tract of land in Acadia Parish, Louisiana, was fraudulently consummated. The plaintiff named as defendants: (1) Curley Savoy and Alice T. Savoy, the alleged purchasers of the property; (2) Aspen Exploration, a Louisiana partnership which obtained a mineral lease from Curley and Alice T. Savoy; and (3) Larry W. Gates, an agent or employee of Aspen Exploration. Prior to trial, Aspen Exploration and Larry W. Gates were dismissed on a joint motion filed by them and Savoy.
Issues were joined and trial was scheduled for January 15,1987. On the morning of January 15, prior to the commencement of trial, Curley Savoy and Alice T. Savoy filed a peremptory exception of “No Right of Action and/or No Cause of Action”. The defendants maintained that Wilson had no authority to institute this suit because the power of attorney allegedly empowering him was merely a general power of attorney and did not expressly authorize him to prosecute litigation. The defendants argued that permitting the action to proceed would contravene the explicit language of La.Civ. Code art. 2997 (1870) requiring the express authority to “make a transaction in matters of litigation.”
The Trial Court, upon concluding that the law and the evidence supported the defendants, dismissed Savoy’s suit without prejudice. The Trial Court held, in a Minute Entry, that Wilson was not empowered to litigate on behalf of Elmire because the power of attorney in question did not expressly grant that authority. The Trial Judge concluded by stating that the defendants’ exception was timely pursuant to La.Code Civ.Proc. art. 928(B) (1960) (amended 1983) and that he was of the opinion that the defendants’ objection could not be resolved by an amendment of the petition because an amendment would create an entirely new suit between different parties.
Subsequent to the action of the Trial Judge, the plaintiff appealed. The plaintiff maintains on appeal that the Trial Judge erred in sustaining the defendant’s peremp *177 tory exception of no right of action. Savoy contends that the appropriate procedural mechanism for challenging his authority was a dilatory exception objecting to his possible lack of procedural capacity, and that because it was not filed prior to the defendants’ answer it was waived. See, La.Code Civ.Proc. art. 926 (1960).
La.Code Civ.Proc. art. 694 (1960) provides, in part, that “[a]n agent has the procedural capacity to sue to enforce a right of his principal, when expressly authorized to do so.” The phrase “when expressly authorized to do so” is an apparent reference to Civil Code art. 2997. See, Civ.Proc. art. 694, id., Notes. La.Code Civ. Proc. art. 700 (1960) provides that when an agent institutes suit on behalf of his principal his authority or qualification is presumed, “unless challenged by the defendant by the timely filing of the dilatory exception.” See, Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964); See also, McMahon, Parties Litigant In Louisiana, 11 Tul.L.Rev. 527 (1937).
Our review of the trial record reveals that the defendants, Curley Savoy and Alice T. Savoy, filed their answer on July 30, 1986. The record further reveals that their exception, styled an “Exception of No Right of Action and/or No Cause of Action”, was not filed until January 15, 1987. We, therefore, believe that the judgment of the lower court sustaining the defendants’ exception of no right of action and dismissing the plaintiff’s suit must be reversed.
The correct procedural device to be utilized in this instance was the dilatory exception of lack of procedural capacity. The defendants’ exception, styled as a “No Right of Action and/or No Cause of Action,” was in effect, a dilatory exception objecting to the capacity of Wilson to litigate on behalf of Elmire. The defendants did not file this exception until after they had answered, thereby waiving their right to question Wilson’s authority as an agent.
Having concluded that the defendants waived their right to challenge Savoy’s authority to institute this suit, we will not review the Trial Judge’s interpretation of Civil Code art. 2997 and the power of attorney at issue.
For the above and foregoing reasons, the judgment of the District Court sustaining the “Exception of No Right of Action and/or No Cause of Action” filed by Curley Savoy and Alice T. Savoy is reversed. This case is ordered remanded to the District Court for further proceedings consistent with this decision.
All costs of this appeal are assessed against Curley Savoy and Alice T. Savoy.
REVERSED AND REMANDED.