706 So.2d 1096 (1998)
Randy J. GARY, Plaintiff-Appellee,
v.
MONCLA WELL SERVICES, INC., et al., Defendants-Appellants.
No. 97-1131.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Rehearing Denied April 3, 1998.
Joseph Russell Raggio, Baton Rouge, for Randy J. Gary.
John T. Nesser, III, J. Timothy Woodard, R. Scott Jenkins, New Orleans, for Moncla Well Services, Inc., et al.
Francis X. Neuner, Jr., Clayton, MO, for Schlumberger Well Service.
L. Lane Roy, Lafayette, for Westbay Contracting Corp.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
Randy J. Gary filed suit against Timothy Dupre, Moncla Well Services, Inc., and Schlumberger Well Service, for injuries allegedly sustained on May 7, 1995, while he was employed with Westbay Contracting Corporation as a floorhand on a drilling rig in St. Martin Parish.
Moncla filed a third party demand against Westbay alleging that a contract entered into between Moncla and Westbay contains an indemnity and hold harmless agreement whereby Westbay is required to indemnify and hold Moncla harmless from any and all claims, including costs and attorney's fees, for injury to any person, including the plaintiff, in connection with the work performed by Westbay pursuant to the contract.
Westbay answered the third party demand admitting the existence of the contract and the indemnity agreement requiring Westbay to indemnify and hold harmless Moncla under certain terms and circumstances as set forth in the contract. Westbay also filed an exception of no cause and no right of action on the grounds that the contract in question *1097 contained a provision requiring that any controversy or claim arising out of or relating to the said contract or breach thereof shall be settled by arbitration. After a hearing on the exception, the trial court granted judgment in favor of Westbay dismissing Moncla's third party demand with prejudice.
Moncla appeals the trial court's judgment granting Westbay's exception of no cause of action/no right of action contending that the trial court erred in dismissing Moncla's third party demand with prejudice.
The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978); Folkland v. Thomson McKinnon Secs., Inc., 484 So.2d 310, 314 (La.App. 3 Cir.1986); and State, Through Div. of Admin. v. Algernon Blair, 415 So.2d 612, 614 (La.App. 3 Cir.1982). Where a suit has been dismissed on a dilatory exception of prematurity, the dismissal is without prejudice. Brister v. Southwest Louisiana Hosp. Ass'n, 624 So.2d 970 (La.App. 3 Cir.1993); and Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3 Cir.1979). See also Sevier v. United States Fidelity & Guaranty Co., 497 So.2d 1380, FN 2 (La.1986), citing Alexander, Id.
The record reflects that the trial court based its ruling on Doucet v. Dental Health Plans Mgmt. Corp., 412 So.2d 1383 (La. 1982). However, the trial court's interpretation of Doucet is erroneous. That case also involved an exception filed by defendant on the grounds that the contract sued upon required arbitration. The defendant designated that exception as a peremptory exception of no right of action. A close reading of Doucet reveals that the supreme court acknowledged in Footnote 1 that the exception filed by defendant in that case was improperly denominated as an exception of no right of action, citing Cook, Id. The court in Doucet refers to the exception instead as a dilatory exception of prematurity. Id. at 1384.
Thus, the dismissal of the third party demand should have been without prejudice, had the dilatory exception been timely filed. The record reflects that Westbay filed its answer to the third party demand on December 20, 1996. The exception was not filed until January 17, 1997. The objection that an action is premature must be raised prior to answer or judgment by default. An exception of prematurity is waived unless raised in a dilatory exception. Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1993); Arcadian Corp. v. Olin Corp., 97-174 (La.App. 3 Cir. 6/18/97), 698 So.2d 9, 13; Ritchey v. Brignac, 328 So.2d 190 (La.App. 3 Cir.1976); La.Code Civ. P. arts. 928(A); 926.
Thus, the exception filed in the case sub judice was untimely and thus waived, and we cannot now consider it. Additional cases with similar dispositions of this issue include Savoy v. Savoy, 542 So.2d 176 (La.App. 3 Cir.1989); Fontenot v. Fontenot, 427 So.2d 27 (La.App. 3 Cir.1983); and May v. Southland Corp., 341 So.2d 421 (La.App. 3 Cir.), writ denied, 342 So.2d 872 (La.1977).
The judgment of the trial court is hereby reversed. This case is remanded to the district court for further proceedings consistent with this decision. Costs of appeal are assessed to Westbay Contracting Corporation.
REVERSED.