## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2016, 7:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin L. Likes
Likes Law Office
Auburn, Indiana

ATTORNEY FOR APPELLEE

Jon C. Owen
Yoder & Kraus, P.C.
Kendallville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Carrie Sturdivant,

*Appellant-Petitioner,*

v.

Michael Sturdivant,

*Appellee-Respondent*.

May 31, 2016

Court of Appeals Case No.
57A04-1510-DR-1701

Appeal from the
Noble Circuit Court

The Honorable
G. David Laur, Judge

Trial Court Cause No.
57C01-1502-DR-24

**Kirsch, Judge.**

[1] Carrie Sturdivant ("Mother") appeals the trial court's dissolution decree, which granted physical custody of the parties' children to Michael Sturdivant ("Father"). Mother raises one issue for our review: whether the trial court

abused its discretion when it determined the issue of custody in a summary proceeding manner.

[2] We affirm.

## Facts and Procedural History

[3] On February 6, 2015, Mother filed a petition for dissolution of marriage. Mother and Father are the parents of two children. At the final hearing on the petition for dissolution, the parties informed the trial court that issues of property and debt had been determined by agreement, and the hearing would only discuss issues of custody, parenting time, and child support. *Tr.* at 6-7. Both parties were sworn in, and Mother's counsel advised the trial court that, prior to the hearing, the parties had agreed to a summary presentation. *Id.* at 4-5, 10. Thereafter, the hearing proceeded with the attorneys primarily presenting evidence, and the parties responding to inquiries by the trial court. At a later point in the hearing, Mother's counsel informed the trial court that the agreement to a summary presentation was to not include testimony from any other parties or other witnesses. *Id.* at 50.

[4] At the conclusion of the hearing, the trial court took the matter under advisement, and on August 13, 2015, issued the dissolution decree, in which it ordered that Mother and Father shall have joint legal custody of the children and that Father shall have physical custody of the children. On August 26, 2015, Mother filed a "Verified Motion for Stay of Execution, Motion to Correct Error, and Motion for Relief from Judgment." *Appellant's App.* at 16. In her

motion, Mother acknowledged that "counsel for the parties stipulated to presenting the evidence in summary fashion." *Id.* The trial court denied Mother's motions in an order dated on September 28, 2015. Mother now appeals.

## Discussion and Decision

[5] Mother argues that the trial court abused its discretion when it determined the issue of custody of the children in a summary proceeding manner. In the present case, both Mother and Father were present at the final hearing on the dissolution petition, were represented by counsel, and were sworn in by the trial court. Mother's counsel notified the trial court that, prior to the hearing, the parties had agreed to a summary presentation. *Tr.* at 10. The hearing then proceeded with the attorneys primarily presenting evidence, and the parties responding to inquiries made by the trial court. Later in the hearing, Mother's counsel informed the trial court that the agreement to a summary presentation was to not include testimony from any other parties or other witnesses. *Id.* at 50. No objections were made to the summary nature of the proceedings. "[O]bjections not contemporaneously raised are waived." *Bogner v. Bogner*, 29 N.E.3d 733, 740 (Ind. 2015). Timely objections to the procedure utilized by the trial court are required, and "'[a]n appellant cannot sit idly by without objecting, await the outcome of trial, and thereafter raise an issue for the first time on appeal.'" *Id.* (quoting *Trout v. Trout,* 638 N.E.2d 1306, 1307 (Ind. Ct. App. 1994)).

[6] In the present case, both parties agreed to proceed with the final hearing in a summary fashion, and at no point did either party object to the hearing being conducted in this manner. Further, after the dissolution decree was issued, Mother filed a motion to correct error, in which she stated that, "counsel for the parties stipulated to presenting the evidence in summary fashion" at the final hearing. *Appellant's App*. at 16. We, therefore, conclude that Mother has waived her right to appeal the nature of the summary proceeding.

[7] Additionally, despite this waiver, "Indiana adheres to the rule requiring a showing of prejudice before reversal may be granted." *Neese v. Kelley*, 705 N.E.2d 1047, 1050 (Ind. Ct. App. 1999). Mother has the burden to show actual prejudice. *Id*. Here, Mother was represented by counsel during the proceedings and was given a full opportunity to present her own arguments and evidence. Mother was also given the opportunity to rebut the arguments presented by Father. We, therefore, conclude that Mother was not prejudiced by the summary nature of the proceedings. The trial court did not abuse its discretion.

[8] Affirmed.

[9] Riley, J., and Pyle, J., concur.