This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals, and the submitted record on appeal, all briefs filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.
Being duly advised, the Court DENIES the petition to transfer.
Massa, J., Slaughter, J., and Goff, J., vote to deny transfer.
David, J., dissents to the denial of transfer with separate opinion in which Rush, C.J., concurs.
David, J., dissenting.
I respectfully dissent from the denial of transfer in this case. I would grant transfer and remand to the trial court so that the parties could either stipulate to a summary proceeding or have a contested hearing.
Here, Mother filed a petition to modify custody. Prior to the scheduled hearing date, the trial court met with the parties in chambers. Once on the record, the trial court stated:
the [c]ourt's [sic] had an opportunity to have counsel in Chamber and discuss the cause and hear arguments at length for the last hour or so. I have also been provided and read the Guardian Ad Litem, Ms. Shawna Webster's, reports.... Based on the discussion with counsel and argument on their positions ....[M]y approach to it, after our discussion in Chambers, was that I would prefer to do this, is I think there's some things that counsel want's [sic] to submit and we'll do that but I would like to have the opportunity to meet with Ms. Webster....So my preference is I know the issues. I think counsel have been able to basically stipulate everything ... to know just where we're at and I think that would be the best resolution. What I am going to do is ask counsel to submit what they have this morning. I don't know that and I think counsel acknowledges there's not a lot of testimony that you folks could provide that's not already known and that's not agreed. There's not probably a lot of cross examination that can occur....The issues are where we're at on this young lady and her age and school situations and parenting time balancing....
(Tr. 2-4.)
Mother's counsel did not offer any exhibits as he acknowledged that the Court would be speaking to the Guardian Ad Litem (GAL), who could provide any necessary information. Father's counsel offered a parenting time proposal. Mother's counsel did not object to the admissibility of the document, but urged the court to consider its weight after speaking to the GAL. The court heard no arguments from counsel, offered them the opportunity to submit proposed entries and stated that it would rule after it had an opportunity to meet with the GAL. After the hearing, the GAL submitted a supplemental report that responded to Father's exhibit. Consistent *889 with her prior most recent report, she continued to recommend that primary custody be modified to Mother. However, the court did not meet with the GAL. It then issued an order denying Mother's petition to modify custody. Mother then appealed challenging the due process she received and arguing that there was a substantial change in circumstances so as to warrant the custody modification.
Our Court of Appeals found that pursuant to Bogner v. Bogner, 29 N.E.3d 733 (Ind. 2015), because Mother did not object to the summary nature of the proceedings, she waived any objection (and thus, her due process rights were not violated). In Bogner, a child support modification case, the trial court asked the parties "[a]re we doing this by summary fashion?" Id. at 739. Mother's counsel responded: "[o]h yes," and father's counsel also responded "[w]e are, your Honor." Id. Neither party objected to the nature of the proceedings. Father later appealed, essentially challenging the form of the proceedings. Id. This Court noted the value and efficiency afforded by summary proceedings and held that the father had waived any objection to the summary nature of the proceeding: "if [f]ather did not want to proceed summarily and believed that a full evidentiary hearing was necessary, that objection should have been raised at the time of the hearing. Only at that point would it be appropriate for [f]ather to assert that there was other evidence relevant to the modification determination." Id. at 741. We also held similarly in Reynolds v. Reynolds, 64 N.E.3d 829, 834 (Ind. 2016), that the father failed to preserve any error regarding the summary nature of contempt proceeding by failing to object to the form of the proceeding.
Mother compares her situation to that in Wilson v. Myers, 997 N.E.2d 338 (Ind. 2013). In Wilson, the trial court announced its intent to proceed summarily and refused father's request for an evidentiary hearing. Id. at 339. This Court reversed and remanded for an evidentiary hearing finding that under the circumstances of that case, the trial court abused its discretion. Id. at 342.
I do not believe this case fits squarely into the facts of Bogner or Wilson. Here, Mother did not request an evidentiary hearing, but the trial court did state its preference of disposing of the matter without one. Also, while Mother did not object to the proceeding, I do not believe this can even be fairly characterized as a summary proceeding as no arguments were presented; none of the discussion in chambers is on the record. Additionally, it seems that Mother agreed to the proceeding, at least in part, because the trial court judge represented that he would be speaking to the GAL. However, he did not do so. Under the circumstances of this case, I do not believe Mother waived her right to have some additional proceeding. As such, I would grant transfer and remand the matter back to the trial court for either a stipulated summary proceeding on the record or for a contested hearing.
Rush, C.J., concurs.