

FILED

Jun 18 2020, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy E. Romig
Jonathan P. Emenhiser
Christopher E. Kozak
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Richard A. Cook
Yosha, Cook & Tisch
Indianapolis, Indiana

Steven D. Liddle
Nicholas A. Coulson
Liddle & Dubin, P.C.
Detroit, Michigan

# IN THE
# COURT OF APPEALS OF INDIANA

Clark-Floyd Landfill, LLC,

*Appellant-Defendant,*

v.

Ricky Gonzalez, Yvonne
Gonzalez, Robert Scoles, and
Tamara Scoles, on Behalf of
Themselves and All Others
Similarly Situated,

*Appellees-Plaintiffs.*

June 18, 2020

Court of Appeals Case No.
19A-CT-2680

Appeal from the Clark Circuit
Court

The Honorable Bradley B. Jacobs,
Judge

The Honorable Kenneth R.
Abbott, Magistrate

Trial Court Cause No.
10C02-1608-CT-131

**Najam, Judge.**

# Statement of the Case

In August of 2016, Ricky Gonzalez, Yvonne Gonzales, Robert Scoles, and Tamara Scoles ("the Homeowners") filed a putative class-action complaint against Clark-Floyd Landfill, LLC ("CFL") based on noxious odors emanating from a landfill operated by CFL. On interlocutory appeal from the trial court's certification of the complaint as a class action, CFL raises four issues for our review, which we restate as the following five issues:

1. Whether the trial court applied an incorrect legal standard in determining whether to certify the class action.

2. Whether the trial court's adoption of the Homeowners' class definition is supported by substantial evidence.

3. Whether the trial court abused its discretion when it found that the class members would have common questions of law or fact.

4. Whether the court erred when it found that the class's common questions of law or fact would predominate over any questions affecting only individual members.

5. Whether the trial court abused its discretion when it denied CFL's motion to strike the Homeowners' designated evidence.

We affirm.

## Facts and Procedural History

In August of 2016, the Homeowners filed their putative class-action complaint, which the Homeowners later amended. According to the amended complaint:

> 8. On frequent recurrent and intermittent occasions too numerous to identify individually, [the Homeowners'] propert[ies] including [their] neighborhoods, residences and yards have been and continue to be physically invaded by noxious odors, pollutants and air contaminants.

> 9. The noxious odors, pollutants, and air contaminants which entered [their] propert[ies] originated from [CFL's] Landfill [("the landfill")], located [in Jeffersonville, Indiana].

> 10. It is [the Homeowners'] informed belief that [CFL] either constructed or directed the construction of the facilities and exercised control and/or ownership over the landfill.

> 11. The Indiana Department of Environmental [Management, or "IDEM,"] has received numerous complaints from residents concerning the noxious odors emitted from [the] landfill.

> 12. On at least one occasion, [CFL] has been cited by [IDEM] for failing to adequately control the landfill gas generated by decomposing waste . . . .

> 13. The invasion of [the Homeowners'] propert[ies] by pollutants, noxious odors, and air contaminants has caused [the Homeowners] to suffer injuries including, but not limited to, exposure to pollutants, horrific odors, and air contaminants.

> 14. The invasion of [the Homeowners'] propert[ies] by pollutants, noxious odors, and air contaminants has interfered

with [the Homeowners'] use and enjoyment of their propert[ies], resulting in damages . . . .

Appellant's App. Vol. II at 52-53.

[4] Further, the Homeowners alleged that they were appropriate representatives of a class of plaintiffs consisting of "[a]ll persons who have been owner/occupants and/or renters of residential property within three miles of the property boundary of the . . . landfill at any time between August 12, 2010[,] and the present," which they believed captured "thousands of residents." *Id.* at 54. And, after reciting allegations relevant to the demand for a class action, the complaint claimed that CFL both had created a nuisance and had acted negligently. Specifically, the complaint alleged in relevant part:

> 27. The odors, pollutants and air contaminants invading [the Homeowners'] propert[ies] are indecent and/or offensive to the senses[] and obstruct the free use of their propert[ies] so as to substantially and unreasonably interfere with the comfortable enjoyment of life and/or property, including in . . . the following ways:
>
>     a.    causing [the Homeowners] to remain inside their homes and forego use of their yards;
>
>     b.    causing [the Homeowners] to keep doors and windows closed when weather conditions otherwise would not so require; and
>
>     c.    causing [the Homeowners] embarrassment and reluctance to invite guests to their homes.

* * *

31. The injuries and damages suffered by [the Homeowners] are specially injurious to [them] as opposed to the general public because they uniquely suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

* * *

45. As a direct and proximate result of the failure of [CFL] to exercise ordinary care, [the Homeowners'] residences were invaded by noxious odors, pollutants, and air contaminants.

* * *

WHEREFORE, [the Homeowners], individually and on behalf of the proposed Class, pray for . . . compensatory and punitive damages, and . . . temporary, preliminary, and permanent orders for injunctive relief . . . .

*Id.* at 57-61.

In December of 2018, the Homeowners moved to certify their complaint as a class action and designated evidence in support of that motion. CFL opposed that motion, objected to the admissibility of the Homeowners' designated evidence, and designated its own evidence in opposition. After a hearing in which the parties presented oral argument to the court, the court granted the Homeowners' motion and certified the class using the Homeowners' proposed class definition.

In particular, after overruling CFL's objections to the designated evidence, in its written class-certification order the court related the designated evidence to the requirements necessary to maintain a class action in relevant part as follows:

- "joinder of over 1,200 plaintiffs would . . . be impracticable."
- "[CFL's] actions or inactions have resulted in a common legal question of whether [CFL] has failed to comply with law and ha[s] allowed odor and emissions to escape from the landfill."
- "[The Homeowners'] claims are similar . . . to what all residents would have to prove regarding the operation of the landfill[] as well as the inconvenience, frustration, and expected monetary loss calculations."
- "[The Homeowners] have pursued this litigation vigorously for over two years, and [they] have the same interest in the outcome as would be expected from other members of the class. The counsel for the [Homeowners] ha[s] ample experience in class action cases[] and ha[s] exhibited skill in arguing the issues in this matter."
- "[The Homeowners] sustained very common injuries during the same or similar periods, in the same vicinity, and their damages are likely to be determined in the same manner without many variances in the type of relief sought. . . . Because the number of individualized issues is expected to be minimal among the class members, those issues would not overwhelm any common issues."

*Id.* at 25-28. The court also stated that class litigation of the Homeowners' claims "will be more streamlined and efficient . . . than litigating these odor-based claims on individual bases." *Id.* at 30. And, in a preamble of relevant class action legal standards, the court stated as follows:

10. "Determination of the propriety of class certification, however, should not turn on likelihood of success on the merits." *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002). Indeed, a court may not engage in [an] analysis of the merits of the allegations in order to determine whether a class action may

be maintained. *Eggleston v. Chicago Journeyman Plumbers, Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981). The inquiry is limited to whether the requirements of [Trial] Rule 23 have been satisfied. *E.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

*Id.* at 22 (footnote omitted). The court then certified its order for interlocutory appeal, which we accepted.

# Discussion and Decision

## *Standard of Review and Trial Rule 23*

[7] CFL appeals the trial court's certification of the Homeowners' complaint as a class action. As the Indiana Supreme Court has explained:

The determination of whether an action is maintainable as a class action is committed to the sound discretion of the trial court. Appellate courts reviewing a class certification employ an abuse of discretion standard.[1] The trial court's certification determination will be affirmed if supported by substantial evidence. A misinterpretation of law, however, will not justify affirmance under the abuse of discretion standard.

*Associated Med. Networks, Ltd. v. Lewis*, 824 N.E.2d 679, 682 (Ind. 2005) (quotation marks and citations omitted).

---

[1] In its class-certification order, the trial court purported to enter findings of fact and conclusions thereon. However, the court held no evidentiary hearing on the motion to certify the class action. Rather, the court based its judgment only on paper evidentiary designations and a hearing at which the parties presented only oral argument. As such, we review the court's class-certification order under our usual abuse-of-discretion standard and not the clearly erroneous standard we would have applied in an appeal from an evidentiary fact-finding hearing.

To maintain a class action, Indiana Trial Rule 23(A) requires the putative class-action plaintiffs to show each of the following four requirements:

> (1)  the class is so numerous that joinder of all members is impracticable;

> (2)  there are questions of law or fact common to the class;

> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4)  the representative parties will fairly and adequately protect the interests of the class.

In addition to those four requirements, Trial Rule 23(B) requires the plaintiffs to show one of the following:

> (1)  the prosecution of separate actions by or against individual members of the class would create a risk of:

>> (a)  inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

>> (b)  adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2)  the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3)  the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include:

> (a)  the interest of members of the class in individually controlling the prosecution or defense of separate actions;
>
> (b)  the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (c)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
>
> (d)  the difficulties likely to be encountered in the management of a class action.

Here, after finding that the Homeowners had successfully satisfied the four requirements of Trial Rule 23(A), the court additionally found that they had satisfied Trial Rule 23(B)(3).

### Issue One:  Whether the Trial Court
### Applied an Incorrect Legal Standard

[10] On appeal, CFL first asserts that, in one sentence of paragraph 10 of the trial court's class-certification order, a legal preamble, the trial court erroneously stated that it "may not engage in [an] analysis of the merits of the allegations in order to determine whether a class action may be maintained."  Appellant's App. Vol. II at 22.  Again, a trial court abuses its discretion if it applies an incorrect legal standard.  *Associated Med. Networks, Ltd.*, 824 N.E.2d at 682.

[11] CFL's argument is not well taken.  Paragraph 10 of the trial court's order begins by noting that a "[d]etermination of the propriety of class certification . . . should not turn on likelihood of success on the merits."  Appellant's App. Vol. II at 22 (quotation marks and citation omitted).  The sentence CFL complains of follows that statement.  In other words, the trial court's point in this paragraph was that its class-certification decision does not turn on whether the court thinks the plaintiffs will ultimately succeed on the merits of their claims at trial.  *See id.*

[12] CFL does not suggest that paragraph 10 as a whole is an incorrect assessment of the law.  Indeed, the trial court's commentary in paragraph 10 of its certification order is wholly consistent with Indiana law.  As we have explained:

> "Class certification is essentially a procedural order and carries no implication about the merits of the case." *NIPSCO v. Bolka*, 693 N.E.2d 613, 617 (Ind. Ct. App. 1998), *trans. denied*.  Thus, "in making a determination regarding class certification, a trial

court may not conduct a preliminary inquiry into the merits of the suit." *Rene ex rel. Rene v. Reed*, 726 N.E.2d 808, 816 (Ind. Ct. App. 2000). As a "certification hearing is not intended to be a trial on the merits," "Trial Rule 23 does not require a potential class representative to show a likelihood of success on the merits in order to have his claim certified as a class action." *Bolka*, 693 N.E.2d at 617. Instead, assuming the merits of an action, a trial court must determine whether the plaintiff has satisfied the requirements for class certification under Trial Rule 23. *Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 895 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S. Ct. 1710, 72 L. Ed. 2d 134 (1982).

*LHO Indianapolis One Lessee, LLC v. Bowman*, 40 N.E.3d 1264, 1268 (Ind. Ct. App. 2015). Although CFL asserts that federal authority on this question has shifted since *Eggleston*, Indiana authority has not, and we cannot say that the trial court abused its discretion by following this Court's precedent. *See, e.g.*, *Bogner v. Bogner*, 29 N.E.3d 733, 743 (Ind. 2015).

[13] In any event, CFL's ultimate argument on this issue is that one sentence in the court's class-certification order shows that the court failed to properly consider *any* of the designated evidence in certifying the class. But the court's order plainly shows otherwise: the court consistently and specifically cited or referred to the designated evidence throughout the order. Thus, even if the one sentence CFL complains about were an erroneous legal statement, the order as a whole makes clear that the court considered the designated evidence when it entered its judgment. Accordingly, we reject CFL's argument that the court applied an erroneous legal standard when it certified the class.

### *Issue Two: Definiteness of the Class*

[14] CFL next asserts on appeal that the trial court erred in certifying the class because no evidence supports the Homeowners' definition of the class as all residents living within a three-mile radius of the landfill. Although Trial Rule 23 does not address it, in addition to the express requirements of that Rule:

> there is an implicit "definiteness" requirement. A properly defined class is necessary at the outset because a judgment in a class action has a *res judicata* effect on absent class members. *The class definition must be specific enough for the court to determine whether or not an individual is a class member.*

*Wal-Mart Stores, Inc. v. Bailey*, 808 N.E.2d 1198, 1201 (Ind. Ct. App. 2004) (emphasis added), *trans. denied*. Again, we review this issue for an abuse of the trial court's discretion, under which "[t]he trial court's certification determination will be affirmed if supported by substantial evidence." *Associated Med. Networks, Ltd.*, 824 N.E.2d at 682.

[15] Although the trial court's certification order does not expressly discuss the definiteness requirement, we cannot say that the court's adoption of the Homeowners' definition was an abuse of the court's discretion. There is no reasonable question as to whether a three-mile radius is specific enough to determine whether a given individual is a class member. It plainly is. As such, the court properly applied Indiana law here.

[16] CFL nonetheless asks that we invent new rules to heighten the evidentiary burden under Trial Rule 23's implicit definiteness requirement. We decline to

do so, but we do note that the record is replete with designated evidence that identifies residents who complained of odors emanating from the landfill to IDEM or in response to a survey distributed by the Homeowners' counsel. In each case, the residents provided their home addresses. While there is not a map in the record that plots specifically where each address falls relative to a three-mile radius around the landfill, the trial court was within its discretion to take notice of those addresses and their locations relative to the landfill, and "[w]e presume the trial court correctly followed the law." *Perkins v. Brown*, 901 N.E.3d 63, 65 (Ind. Ct. App. 2009).

[17] It is CFL's burden on appeal to show that the numerous addresses in the record would not be captured by the Homeowners' class definition, that other residents who should have been captured by the definition were omitted by the Homeowners' definition, that the Homeowners' definition is somehow inappropriately overinclusive, or, most significantly, that the Homeowners' definition is not specific enough to allow the court to determine whether a given individual is a class member. CFL fails to do any of those things and instead simply, and erroneously, asserts that the definition here is "untethered to any actual evidence." Appellant's Br. at 32. Accordingly, we conclude that CFL has not met its burden on appeal to show that the trial court erred in adopting the Homeowners' definition of the class.

### Issue Three: Evidence of Commonality

[18] Next, CFL asserts that the Homeowners failed to show commonality—that is, that the designated evidence does not support the Homeowner's requirement

under Trial Rule 23(A)(2) that there are "questions of law or fact common to the class." In particular, CFL argues that the Homeowners have not designated evidence to show the "odors suffered by the class area can be traced to a common defendant." Appellant's Br. at 39.

[19] This assertion is not credible. Numerous IDEM reports in the designated evidence identify complaints of odors from the landfill, with the complaining residents identified by name and address. Moreover, again, numerous survey responses by residents near the landfill also complained of odors from the landfill. At best, CFL's argument on this issue points out what CFL perceives to be inconsistencies in the evidence, but such purported inconsistences are not relevant to our review. We will not reweigh the evidence but instead will affirm if there is substantial evidence that supports the court's judgment, which there is. Thus, we reject this argument.

### Issue Four: Evidence of Predominance

[20] In addition to Trial Rule 23(A)(2)'s commonality requirement, Rule 23(B)(3) requires that the common questions of law or fact "predominate over any questions affecting only individual members." As our Supreme Court has explained:

> there must be more than a mere nucleus of facts in common with the plaintiff class. Predominance requires more than commonality. Predominance cannot be established merely by facts showing a common course of conduct, but the common facts must also actually "predominate over any questions affecting only individual members." T.R. 23(B)(3).

Indiana's Trial Rule 23 is based upon Rule 23 of the Federal Rules of Civil Procedure, and it is thus appropriate to consider federal court interpretations when applying the Indiana rule. The text of 23(B)(3) is identical in both rules. The Federal Advisory Committee Notes, which supported the adoption of Rule 23, in discussing the predominance requirement, states, "It is only where this predominance exists that economies can be achieved by means of the class-action device." *Published in* William F. Harvey, 2 INDIANA PRACTICE, RULES OF PROCEDURE ANNOTATED 464. It is generally accepted that the analogous federal Rule 23(b)(3) "is designed to be a means of achieving economies of time, effort, and expense." James Wm. Moore, 5 MOORE'S FEDERAL PRACTICE § 23.44[1], at 23-207, and cases cited therein at footnote 4. Other noted commentators explain:

> Thus the predominance test really involves an attempt to achieve a balance between the value of allowing individual actions to be instituted so that each person can protect his own interests and the economy that can be achieved by allowing a multiple party dispute to be resolved on a class action basis.

Charles Alan Wright, Arthur Miller, Mary Kay Kane, 7A FEDERAL PRACTICE AND PROCEDURE § 1777, at 518-19. Professor Moore's treatise provides a helpful look at the problems of determining predominance under the heading "No Bright Line Test Measures Predominance; Each Case Is Measured by Its Own Facts:"

> In a Rule 23(b)(3) class action, common questions of law or fact must predominate over questions affecting only individual members. There is no precise test for determining whether common questions of law or fact predominate, however. Instead, the Rule requires a pragmatic assessment of the entire action and all the issues

involved.  In making that assessment, courts have enunciated a number of standards, finding . . . predominance if:

● The substantive elements of class members' claims require the same proof for each class member;

● The proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.

● The resolution of an issue common to the class would significantly advance the litigation.

● One or more common issues constitute significant parts of each class member's individual cases.

● The common questions are central to all of the members' claims.

● The same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.

Courts generally agree that the predominance of common issues does not mean that common issues merely outnumber individual issues.  Nor should a court determine predominance by comparing the time that the common issues can be anticipated to consume in the litigation to the time that individual issues will require. Otherwise, only the most complex common issues could predominate, because only complex issues tend to require more time to litigate.

5 MOORE'S FEDERAL PRACTICE § 23.45[1], at 23-210 to
212 (footnotes omitted).

*Associated Med. Networks, LLC*, 824 N.E.2d at 685-86 (some citations omitted).
In other words, the predominance requirement directs that the common
questions of law or fact be questions the resolution of which would make the
class action a more efficient trial procedure than individualized actions.

[21] Here, the trial court found that the questions common to the class would
predominate over any individualized questions. The court's conclusion is
plainly correct: "[t]he proposed class is bound together by a mutual interest in
resolving common questions" regarding the emanation of odors from the
landfill "more than it is divided by individual interests" or variances in the
specific measure of damages from those emanations, and the resolution of those
questions "would significantly advance the litigation." *Id.* at 686. That is,
proceeding as a class action is readily more efficient than proceeding
individually. Accordingly, the trial court did not err in concluding that the
Homeowners met the predominance requirement of Trial Rule 23(B)(3).

[22] Still, CFL asserts that there is no evidence that the class members' "damages
are similar or that their damages will be assessed in the same manner . . . ."
Appellant's Br. at 41. That is, CFL asserts that there is no evidence the class
representatives agree on "the nature" of the odor or how specifically the odor
interfered with each of their quiet enjoyments of life and property, with some
complaining about not being able to open windows and others complaining
about not inviting company over.

[23] But the class members are those who suffered noxious intrusions from the landfill's odors—that is the damage, and that is a common question, which predominates over individualized concerns. CFL would replace the need to show a *common* question with the need for each class member to show *identical* questions. Such a conclusion would obviate Trial Rule 23, and we reject it. CFL has not met its burden to show that the court abused its discretion on this issue.

## Issue Five: Admission of Evidence

[24] Finally, CFL asserts that the trial court abused its discretion when it refused to strike numerous exhibits designated by the Homeowners in support of their motion for class certification. CFL's motion to strike raised numerous concerns with the form and substance of the Homeowners' designations. In denying CFL's motion to strike, the trial court stated that the Homeowners' designations were "sufficient at the Class Certification stage." Appellant's App. Vol. IV at 68.

[25] According to CFL, the court's statement was error as a matter of law because, CFL asserts, the court's statement shows that it failed to properly apply our Evidence Rules with the same measure the court would have given them during a civil trial. But we agree with the trial court's assessment. In the summary judgment context, the Indiana Supreme Court has made clear that "an affidavit that would be inadmissible at trial may be considered at the summary judgment stage of the proceedings if the substance of the affidavit would be admissible in another form at trial." *Reeder v. Harper*, 788 N.E.2d 1236, 1241-42 (Ind. 2003).

That is, designated evidence at summary judgment must "set forth *facts* as would be admissible at trial"; Trial Rule 56 "does not require that the [evidence as designated] itself be admissible." *Id.* at 1242.

There is no good reason to impose a more stringent standard for a class-certification decision. As such, the trial court's rejection of CFL's motion to strike the Homeowners' designations on various objections to the form of those designations, such as concerns CFL had with the authentication of third-party statements, was correct motions practice.

As for the substantive objections CFL raised to the Homeowners' designations, the most relevant argument on appeal is that the IDEM reports and survey results from other nearby residents are inadmissible hearsay. We cannot agree. Those designations were offered to prove the requirements of class certification, not the truth of the matters of nuisance or negligence. We affirm the trial court's admission of that evidence. As for CFL's other arguments regarding the designated evidence, we conclude that any error in the admission of that evidence was harmless.

## Conclusion

In sum, we affirm the trial court's certification of the class.

Affirmed.

Kirsch, J., and Brown, J., concur.