Larry TROUT, Appellant–Respondent,

v.

Carol TROUT, Appellee–Petitioner.

No. 32A05–9311–CV–424.

Court of Appeals of Indiana,
Fifth District.

Aug. 23, 1994.

Transfer Denied Dec. 16, 1994.

Russell T. Clarke, Jr., Emswiller, Williams, Noland & Clarke, P.C., Indianapolis, for appellant.

Lesa Lux Johnson, Indianapolis, for appellee.

BARTEAU, Judge.

This is an appeal from the trial court's division of property in a marital dissolution action. Larry Trout (Husband) challenges the procedure employed by the trial court to expedite the final dissolution hearing. We affirm.

### FACTS

The trial court originally set this dissolution action for final hearing on January 21, 1993, and allotted two hours for the proceeding. The hearing was continued three times thereafter by Husband. The trial court then set the matter for "final summary dissolution" on May 27, 1993, with one-half hour allotted for the proceeding. That hearing was continued by Carol Trout (Wife), and the matter reset for June 24, 1993, with one half-hour allotted for the proceeding. On June 24, 1993, the matter was heard.

The trial court swore the parties and instructed Wife to proceed. When Wife's attorney questioned the trial court concerning procedure, the court explained that this was a summary proceeding and that counsel would summarize their client's testimony and the clients would verify that the statements made by their respective attorneys were accurate. Exhibits were entered by agreement. The respective valuations of property were nearly identical, with the exception being the value assigned Trout Masonry, which was contested. Following Wife's attorney's presentation, the trial court asked Wife if she had heard the attorney's summary, if she was in agreement with it, and if there was anything she would like to change or add. Wife replied that she was in agreement with her attorney's summary and had nothing to add. The trial court then asked Wife if there was anything she wished to tell the court about her case and Wife replied negatively. The same procedure was followed at the conclusion of Husband's attorney's presentation with the replies being the same. Neither party objected to the procedure used by the trial court to expedite the proceedings. Only upon receiving the trial court's ruling did Husband file a motion to correct error challenging the procedure. The trial court denied the motion to correct error.

### DISCUSSION

■ Husband challenges the procedure utilized by the trial court on four grounds:

(1) that it violated statutory authority;

(2) that it is contrary to the provision of Ind. Trial Rule 56;

(3) that it violated due process; and

(4) that it resulted in the absence of any evidence of record.

■ We hold that any challenges to the procedure utilized by the trial court were waived by Husband's failure to object to the format of the proceedings. *Archem, Inc. v. Simo* (1990), Ind.App., 549 N.E.2d 1054, 1060. A timely objection is a prerequisite to appellate review. "An appellant cannot sit idly by without objecting, await the outcome of trial, and thereafter raise an issue for the first time on appeal." *Cheek v. State* (1991), Ind.App., 567 N.E.2d 1192. Had Husband raised an objection to the format of the hearing, and the trial court nevertheless insisted on proceeding in this abbreviated manner,

Husband might be entitled to relief. However, that is not the case. Husband, through his silence, is held to have assented to proceeding in this irregular manner. Thus, he is entitled to no relief.

■ Even if the issues raised had not been waived, Husband would not be entitled to relief. As to his argument that the format used by the trial court did not comply with statutory procedures, the fact the proceeding was summary in nature did not transform it into a "summary dissolution decree" as contemplated by the Ind.Code 31–1–11.5–8(d) or (e). Likewise, the format of the proceeding did not miraculously transform it to a hearing on a motion for summary judgment under Trial R. 56. Thus, the failure to follow the statute or the rule does not invalidate the court's actions.

■ As for the argument that Husband was denied his due process right to cross-examination, the right to cross-examination is waivable by failure to object to the denial. *Archem, Inc.*, 549 N.E.2d at 1060. Husband made no request to be allowed to cross-examine Wife or other witnesses and consequently waived any relief on appeal.

■ As for Husband's final argument that because of the format of the proceedings there was no evidence of record from which the trial court could have made its decision, we disagree. Exhibits were stipulated as admissible. These alone constitute sufficient evidence from which the trial court could make its decision. In a rather inconsistent argument, Husband also asserts that the trial court's decision is not supported by the evidence because the court did not attribute any debt to Trout Masonry. He contends the court erred in this respect because evidence of the debt was undisputed. Contrary to his argument, Wife alleged that Trout Masonry had a value of $7000.00 rather than the negative value due to debt assigned it by Husband. The debt was therefore contested. Because the court's division of marital assets was within the parameters of the evidence presented, we find no error.

■ On a final note, while finding no legal obstacle to the use of a summary proceeding in a final dissolution action when the parties consent to the same (or impliedly consent by failing to object), we caution against widespread use of the procedure in heavily contested cases because of the limits it places on appellate review.

The trial court is affirmed.

RILEY and RUCKER, JJ., concurs.