**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**GEORGE T. CATANZARITE**
Zappia Zappia & Stipp
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**MARK S. LENYO**
South Bend, Indiana

FILED
Jun 18 2014, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF E.S.: | ) | |
| | ) | |
| MAKAYLA LEGAULT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1312-JP-606 |
| | ) | |
| MICHAEL J. SCOTT, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable James N. Fox, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-0712-JP-1423

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Makayla Legault ("Mother") appeals the trial court's order modifying custody of her minor child, E.S., and granting sole physical custody of E.S. to Michael J. Scott ("Father"). Finding that Mother has failed to establish that the trial court abused its discretion or that the court's modification determination was clearly against the logic and effect of the facts and circumstances before the court, we affirm.

**Facts and Procedural History**

E.S. was born to Mother out of wedlock on December 7, 2007. Father's paternity was established by court order on April 2, 2008. Mother was granted primary physical custody of E.S., and Father was granted parenting time pursuant to the Indiana Parenting Time Guidelines. Thereafter, on March 30, 2010, the parties agreed to share joint physical custody of E.S., with Mother having E.S. on Mondays and Wednesdays and Father having E.S. on Tuesdays and Thursdays. The parties agreed to alternate weekends from Friday through Sunday.

In September 2012, Father filed a petition to modify custody but later withdrew the petition. Then, on July 26, 2013, Father filed an emergency petition to modify custody. In the petition, Father alleged that, on July 19, 2013, Mother attempted to kill herself by slashing her wrists. Father asserted that due to Mother's current "psychiatric problems," she is unable to provide a safe and stable environment for E.S. Appellant's App. at 30. Father also asserted that, prior to this incident, Mother had been exhibiting instability in her personal life by repeatedly dropping out of college and abusing alcohol.

2

The trial court held a hearing on Father's emergency petition on August 5, 2013. The court ordered that shared physical custody of E.S. would continue according to previous court order and set the matter for an evidentiary hearing. On November 7, 2013, the trial court conducted an evidentiary hearing on Father's petition to modify custody. Thereafter, the trial court entered its findings of fact and conclusions thereon modifying custody and granting Father's request for sole physical custody of E.S. This appeal followed.

**Discussion and Decision**

Mother appeals a custody modification. Our standard of review in this regard is well settled:

> When reviewing a custody determination, we afford the trial court considerable deference as it is the trial court that observes the parties' conduct and demeanor and hears their testimonies. We review custody modifications for an abuse of discretion "with a preference for granting latitude and deference to our trial judges in family law matters. We will not reweigh the evidence or judge the credibility of witnesses. Rather we will reverse the trial court's custody determination based only upon a trial court's abuse of discretion that is "clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom." "[I]t is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal."

*In re Paternity of C.S.*, 964 N.E.2d 879, 883 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*. Where, as here, the trial court enters findings and conclusions sua sponte, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issues upon which the trial court has not found. *Kietzman v. Kietzman*, 992 N.E.2d 946, 948 (Ind. Ct. App. 2013). We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

3

Indiana Code Section 31-14-13-6 provides that, in paternity cases, an existing child custody order may not be modified unless:

(1) modification is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors that the court may consider under section 2 and, if applicable, section 2.5 of this chapter.

The relevant factors that the court may consider include:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

Ind. Code § 31-14-13-2.

We begin by addressing Mother's assertion that the trial court abused its discretion in hearing evidence during the modification hearing regarding the July 19, 2013 incident when Mother cut her wrists with a knife. Specifically, Mother argues that the cutting incident[1] occurred prior to the trial court's last custody proceeding, the August 5, 2013 hearing on Father's emergency petition to modify, and that Father is merely attempting to relitigate matters already considered during a previous custody determination. Mother directs us to Indiana Code Section 31-14-13-9, which provides:

> In a proceeding for a custody modification, the court may not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described in section 2, and if applicable, section 2.5 of this chapter.

While we agree with Mother that this provision clearly aims to prevent unnecessary relitigation of issues that have been previously determined, *see Dwyer v. Wynkoop*, 684 N.E.2d 245, 249 (Ind. Ct. App. 1997), *trans. denied*, Mother has nevertheless failed to establish grounds for reversal. First, we note that the record indicates that Mother's counsel solicited Mother's testimony regarding the July 19, 2013 incident during direct examination. Thus, any error that may have occurred in the admission of the evidence was invited by Mother, and error invited by the complaining party is not reversible error. *In re Adoption of L.C.E.*, 940 N.E.2d 1224, 1227 (Ind. Ct. App. 2011). Moreover, Mother failed to object during the custody hearing to the court's consideration of evidence regarding the incident. "A timely objection is a prerequisite to appellate review," and Mother's decision to sit idly by

---

[1] We note that Father refers to this incident as a suicide attempt.

and allow the court to consider the evidence has resulted in waiver of the issue. *Werner v. Werner*, 946 N.E.2d 1233, 1246 (Ind. Ct. App. 2011) (quoting *Trout v. Trout*, 638 N.E.2d 1306, 1397 (Ind. Ct. App. 1994), *trans. denied*), *trans. denied*.

Also, Mother has failed to include a transcript, if any, of the August 5, 2013 hearing. Because Mother relies upon evidence that she asserts was presented during that hearing in support of her argument that the trial court abused its discretion in permitting the relitigation of custody matters, her failure to include a transcript of such evidence has resulted in waiver. *See Lifeline Youth & Family Servs., Inc. v. Installed Bldg. Prods., Inc.*, 996 N.E.2d 808, 814 (Ind. Ct. App. 2013) (citing *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (failure to include a transcript "works a waiver of any specifications of error which depend upon the evidence.")). Having found no reversible error in the trial court's admission of evidence, we now turn to the trial court's consideration of the relevant statutory factors and E.S.'s best interests.

The trial court here considered and made findings as to all of the factors listed in Indiana Code Section 31-14-13-2 and found a substantial change in three of the factors. Regarding E.S.'s age, the court found that there has been a substantial change because E.S. is now age five and attending full-time kindergarten rather than age two as she was at the time of the original custody determination. The court also found that there has been a substantial change in the wishes of the parents, as Father now desires full physical custody of E.S. rather than shared physical custody. Further, the court found that there has been a substantial change in Mother's mental health. Specifically, the trial court found that "[w]hile Mother's

6

response to stress and related anxiety attacks does not appear to be a part of the prior record in this case, it is clear that she needs continued professional help to deal with that problem." Appellant's App. at 60. The court noted that Mother suffered a disabling panic attack in 2013 while at an amusement park with E.S. and extended family. The court also noted that, on July 19, 2013, Mother had another panic attack after communicating with a former boyfriend which resulted in her cutting her wrists with a knife and being rushed to the emergency room. The evidence in the record supports these findings, and therefore the trial court did not abuse its discretion in concluding that there has been a substantial change in one or more of the relevant statutory factors.

Still, a showing of a change in circumstances regarding one or more of the relevant factors is not enough to warrant a custody modification; it must also be proven that modification is in the child's best interests. *Joe v. Lebow*, 670 N.E.2d 9, 22-23 (Ind. Ct. App. 1996). As this Court has stated, "[t]he welfare of the child, not the wishes and desires of the parents, is the primary concern of the courts." *In re Paternity of J.M.*, 766 N.E.2d 1203, 1209 (Ind. Ct. App. 2002). We emphasize that we will not second-guess the trial court's decision because "our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011).

Regarding best interests, the record supports the trial court's conclusion that the parties' joint physical custody agreement is no longer in E.S.'s best interests and that custody modification is appropriate. The trial court found that while E.S. had done well in preschool,

7

E.S. recently started kindergarten and has had much difficulty adjusting. On occasion, E.S. has expressed an unwillingness to go to school. There is evidence indicating that, during the first two months of school, and while in Mother's care, E.S. missed six days of school and was tardy on six other days. Mother testified that E.S. was crying and having anxiety on those days. The court specifically found that E.S. "is troubled" by not knowing where she will go at the end of the school day. Appellant's App. at 58. There is ample evidence in the record to support the trial court's conclusion that E.S. "does best" with structure and a specific schedule and that the shared physical custody arrangement has, in part, made it impossible to provide E.S. with such structure. *Id*.

Moreover, the trial court's order recognizes the court's overwhelming concern regarding Mother's recent mental health issues and Mother's acknowledged history of being unable to function in crisis situations. Although noting Mother's declared commitment to taking prescribed medication and learning strategies to deal with anxiety, the trial court recognized Mother's need for continued professional help. Based upon these facts, the trial court concluded that it is in E.S.'s best interests for Father to be granted full physical custody of E.S. While Mother downplays the significance of the evidence regarding her mental health and asserts that a custody modification would cause more instability in E.S.'s routine, these arguments are merely requests for us to reweigh the evidence and substitute our judgment for that of the trial court, which we will not do.

After reviewing the evidence favorable to the trial court's order, we are unpersuaded that the evidence positively requires Mother's conclusion that a modification of custody was not in E.S.'s best interests. Therefore, we affirm the trial court's decision.

Affirmed.

BAKER, J., and BARNES, J., concur.